# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **APRIL MARKIEWICZ,**<br>   *Plaintiff*,<br><br>**VERSUS**<br><br>**GALLAWAY, JOHNSON, TOMPKINS, BURR, AND SMITH, APLC**<br>   *Defendants*. | **CIVIL ACTION NO. 2:20-CV-00805**<br><br>**DISTRICT JUDGE JAY C. ZAINEY**<br><br>**SECTION A**<br><br>**MAGISTRATE JUDGE KAREN WELLS ROBY**<br><br>**MAGISTRATE 4** |

### DEFENDANT'S ANSWER AND DEFENSES
### TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant Galloway, Johnson, Tompkins, Burr, and Smith, APLC ("hereinafter Galloway or Defendant") answers the Complaint of Plaintiff April Markiewicz pursuant to Federal Rule of Civil Procedure 12 as follows.

### Jurisdiction and Venue

1.

Defendant admits jurisdiction and venue are proper. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

### Right to Sue

2.

Defendant denies the allegations of Paragraph 2 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

### Parties

3.

Defendant denies the allegations of Paragraph 3 of the Complaint.

-1-

-2-

4.

Defendant admits the allegations of Paragraph 4 of the Complaint.

## **Count 1 – Retaliatory Termination**

a.     **Allegation of pretext and FMLA retaliation**

5.

Defendant denies the allegations of Paragraph 5 of the Complaint.

6.

Defendant denies the allegations of Paragraph 6 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

7.

Defendant denies the allegations of Paragraph 7 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein, except to admit that Plaintiff filled out FMLA paperwork in conjunction with seeking leave connected to her husband's surgery.

8.

Defendant denies the allegations of Paragraph 8 of the Complaint.

9.

Defendant denies the allegations of Paragraph 9 of the Complaint.

10.

Defendant denies the allegations of Paragraph 10 of the Complaint.

b.     **Unauthorized PTO charges/write-up for "stealing" lunchtime/plaintiff's prior lunchtime practice (2018)**

11.

Defendant denies the allegations of Paragraph 11 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

12.

Defendant denies the allegations of Paragraph 12 of the Complaint.

13.

Defendant denies the allegations of Paragraph 13 of the Complaint.

14.

Defendant denies the allegations of Paragraph 14 of the Complaint.

15.

Defendant denies the allegations of Paragraph 15 of the Complaint.

16.

Defendant denies the allegations of Paragraph 16 of the Complaint.

**c.      Lunchtime, etc. write-up/pressure, then requirement, to use PTO (2019)**

17.

Defendant denies the allegations of Paragraph 17 of the Complaint as written.

18.

Defendant denies the allegations of Paragraph 18 of the Complaint.

19.

Defendant denies the allegations of Paragraph 19 of the Complaint.

20.

Defendant admits the allegations of Paragraph 20 of the Complaint.

21.

Defendant denies the allegations of Paragraph 21 of the Complaint.

22.

Defendant denies the allegations of Paragraph 22 of the Complaint.

23.

Defendant denies the allegations of Paragraph 23 of the Complaint.

24.

Defendant denies the allegations of Paragraph 24 of the Complaint.

25.

Defendant denies the allegations of Paragraph 25 of the Complaint.

26.

Defendant admits the allegations of Paragraph 26 of the Complaint.

27.

Defendant denies the allegations of Paragraph 27 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

28.

Defendant denies the allegations of Paragraph 28 of the Complaint.

29.

Defendant denies the allegations of Paragraph 29 of the Complaint.

30.

Defendant denies the allegations of Paragraph 30 of the Complaint.

**d.    Lunchtime practice for comparable employee**

31.

Defendant denies the allegations of Paragraph 31 of the Complaint.

32.

Defendant denies the allegations of Paragraph 32 of the Complaint.

## **Count 2 – FMLA violation**

33.

Defendant denies the allegations of Paragraph 33 of the Complaint.

34.

Defendant denies the allegations of Paragraph 34 of the Complaint.

35.

Defendant admits the allegations of Paragraph 35 of the Complaint.

36.

Defendant denies the allegations of Paragraph 36 of the Complaint.

37.

Defendant denies the allegations of Paragraph 37 of the Complaint.

38.

Defendant denies the allegations of Paragraph 38 of the Complaint.

## **Count 3 – ADA harassment and failure to accommodate**

**General Overview**

34.

Defendant denies the allegations of Paragraph 34 of the Complaint.

35.

Defendant denies the allegations of Paragraph 35 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

**a.     Hearing allegations**

    **1.     ADA hearing harassment (background and actionable)**

36.

Defendant denies the allegations of Paragraph 36 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

\*     *Background*

37.

Defendant denies the allegations of Paragraph 37 of the Complaint.

38.

Defendant denies the allegations of Paragraph 38 of the Complaint.

\*     *Actionable hearing harassment*

39.

Defendant denies the allegations of Paragraph 39 of the Complaint.

40.

Defendant denies the allegations of Paragraph 40 of the Complaint.

41.

Defendant denies the allegations of Paragraph 41 of the Complaint.

42.

Defendant denies the allegations of Paragraph 42 of the Complaint.

43.

Defendant denies the allegations of Paragraph 43 of the Complaint.

44.

Defendant denies the allegations of Paragraph 44 of the Complaint.

### 2. Hearing – failure to accommodate

45.

Defendant denies the allegations of Paragraph 45 of the Complaint.

46.

Defendant denies the allegations of Paragraph 46 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

47.

Defendant denies the allegations of Paragraph 47 of the Complaint.

48.

Defendant admits the allegations of Paragraph 48 of the Complaint.

### b. Migraine allegation

### 1. Migraine harassment

\*   *Migraine harassment begins (background only)*

49.

Defendant denies the allegations of Paragraph 49 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

50.

Defendant denies the allegations of Paragraph 50 of the Complaint.

51.

Defendant denies the allegations of Paragraph 51 of the Complaint.

52.

Defendant denies the allegations of Paragraph 52 of the Complaint.

\*   *Hassinger begins migraine harassment (background)*

53.

Defendant denies the allegations of Paragraph 53 of the Complaint.

54.

Defendant denies the allegations of Paragraph 54 of the Complaint.

**2.      Migraines – Failure to accommodate**

55.

Defendant denies the allegations of Paragraph 55 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

56.

Defendant denies the allegations of Paragraph 56 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

57.

Defendant denies the allegations of Paragraph 57 of the Complaint.

58.

Defendant denies the allegations of Paragraph 58 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

59.

Defendant denies the allegations of Paragraph 59 of the Complaint.

60.

Defendant denies the allegations of Paragraph 60 of the Complaint.

61.

Defendant denies the allegations of Paragraph 61 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

FP 38150225.1

*Strong perfume introduced – increases migraines; failure to accommodate*

62.

Defendant denies the allegations of Paragraph 62 of the Complaint.

63.

Defendant denies the allegations of Paragraph 63 of the Complaint.

64.

Defendant denies the allegations of Paragraph 64 of the Complaint.

65.

Defendant denies the allegations of Paragraph 65 of the Complaint.

66.

Defendant denies the allegations of Paragraph 66 of the Complaint.

67.

Defendant denies the allegations of Paragraph 67 of the Complaint.

68.

Defendant denies the allegations of Paragraph 68 of the Complaint.

c. **Herniated cervical discs – Failure to accommodate**

69.

Defendant denies the allegations of Paragraph 69 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

70.

Defendant denies the allegations of Paragraph 70 of the Complaint.

71.

Defendant denies the allegations of Paragraph 71 of the Complaint.

72.

Defendant denies the allegations of Paragraph 72 of the Complaint.

73.

Defendant denies the allegations of Paragraph 73 of the Complaint.

74.

Defendant denies the allegations of Paragraph 74 of the Complaint.

75.

Defendant denies the allegations of Paragraph 75 of the Complaint.

**d.     Another failure to accommodate – CTS**

76.

Defendant denies the allegations of Paragraph 76 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

77.

Defendant denies the allegations of Paragraph 77 of the Complaint.

78.

Defendant denies the allegations of Paragraph 78 of the Complaint.

79.

Defendant denies the allegations of Paragraph 79 of the Complaint.

80.

Defendant denies the allegations of Paragraph 80 of the Complaint.

81.

Defendant denies the allegations of Paragraph 81 of the Complaint.

82.

Defendant denies the allegations of Paragraph 82 of the Complaint.

83.

Defendant denies the allegations of Paragraph 83 of the Complaint.

**c.     Comprehensive failure to accommodate**

84.

Defendant denies the allegations of Paragraph 84 of the Complaint.

85.

Defendant denies the allegations of Paragraph 85 of the Complaint.

86

Defendant denies the allegations of Paragraph 86 of the Complaint.

87.

Defendant denies the allegations of Paragraph 87 of the Complaint.

88.

Defendant denies the allegations of Paragraph 88 of the Complaint.

89.

Defendant denies the allegations of Paragraph 89 of the Complaint.

90.

Defendant denies the allegations of Paragraph 90 of the Complaint.

91.

Defendant denies the allegations of Paragraph 91 of the Complaint.

**Court 4 – Gender-based harassment – background and actionable harassment**

92.

Defendant denies the allegations of Paragraph 92 of the Complaint.

93

Defendant denies the allegations of Paragraph 93 of the Complaint.

94.

Defendant denies the allegations of Paragraph 94 of the Complaint.

*a.     Gender harassment by Getty (background)*

95.

Defendant denies the allegations of Paragraph 95 of the Complaint.

96.

Defendant denies the allegations of Paragraph 96 of the Complaint.

97.

Defendant denies the allegations of Paragraph 97 of the Complaint.

98.

Defendant denies the allegations of Paragraph 98 of the Complaint.

99.

Defendant denies the allegations of Paragraph 99 of the Complaint.

100.

Defendant denies the allegations of Paragraph 100 of the Complaint.

101.

Defendant denies the allegations of Paragraph 101 of the Complaint.

102.

Defendant denies the allegations of Paragraph 102 of the Complaint.

103.

Defendant denies the allegations of Paragraph 103 of the Complaint.

104.

Defendant denies the allegations of Paragraph 104 of the Complaint.

105.

Defendant denies the allegations of Paragraph 105 of the Complaint.

106.

Defendant denies the allegations of Paragraph 106 of the Complaint.

B. **Actionable gender stereotyping harassment by Ms. Bobabilla and Ms. Albert**

107.

Defendant denies the allegations of Paragraph 107 of the Complaint.

108.

Defendant denies the allegations of Paragraph 108 of the Complaint.

109.

Defendant denies the allegations of Paragraph 109 of the Complaint.

110.

Defendant denies the allegations of Paragraph 110 of the Complaint.

111.

Defendant denies the allegations of Paragraph 111 of the Complaint.

FP 38150225.1

112.

Defendant denies the allegations of Paragraph 112 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

113.

Defendant denies the allegations of Paragraph 113 of the Complaint.

114.

Defendant denies the allegations of Paragraph 114 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

115.

Defendant denies the allegations of Paragraph 115 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

## Relief sought

Defendant denies the allegations of the Relief sought Paragraph of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

Now further answering, Defendant asserts the following defenses.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims made in the Complaint are barred in whole or in part by the applicable prescriptive or limitations period.

## THIRD DEFENSE

Defendant pleads the exclusivity of the Louisiana Worker's Compensation Statute as a bar to Plaintiff's claims.

-15-

**FOURTH DEFENSE**

At all times during Plaintiff's employment, Defendant exercised reasonable care to prevent and correct promptly any illegal harassing behavior. These efforts included establishing and promulgating a policy prohibiting harassment to employees, training supervisors in recognizing and responding to harassment, and establishing a reporting policy allowing reporting both up and outside of the chain of command to encourage employees to bring complaints of harassment to the attention of management. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Defendant to prevent harassment or otherwise failed to avoid harm.

**FIFTH DEFENSE**

Defendant affirmatively pleads and asserts that it is not liable for punitive damages because Defendant at all times relevant to this matter made a good-faith effort to comply with Title VII and the ADA, and any action by any employee contrary to this effort was in violation of Defendant's policies and procedures.

**SIXTH DEFENSE**

Plaintiff's claims under the ADA are barred because any accommodation that would have allowed her to perform the essential functions of her job would have placed an undue hardship on Defendant.

**SEVENTH DEFENSE**

Plaintiff's claims under the ADA are barred to the extent that she could not perform the essential functions of her job without posing a direct threat to the safety of herself, other employees, or the general public.

**EIGHTH DEFENSE**

Defendant affirmatively pleads it cannot be liable for punitive damages under the ADA on the grounds that in consultation with Plaintiff, it made good faith efforts to identify and make a reasonable accommodation for Plaintiff that would not have posed an undue hardship on the operation of its operations.

**NINTH DEFENSE**

To the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that a protected characteristic was a motivating factor in any employment decision at issue (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the same employment decision would have been made irrespective of whether the protected factor was considered.

**TENTH DEFENSE**

On information and belief, the relief which Plaintiff seeks is barred in whole or in part by after acquired evidence that would have resulted in Plaintiff's termination in the absence of any alleged improper motive.

**ELEVENTH DEFENSE**

On information and belief, plaintiff has failed to mitigate her damages, if any, and consequently, any alleged damages should be reduced because of that failure.

**TWELFTH DEFENSE**

Defendant is entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence and by any and all other amounts of damages Plaintiff allegedly suffered through her failure to mitigate her damages.

## THIRTEENTH DEFENSE

Defendant affirmatively pleads and asserts that Plaintiff's damages claim is subject to the applicable limitations on such damages as set forth in 42 U.S.C. Section 1981a(b)(3).

Wherefore, Defendant prays that after due proceedings be had, that judgment be entered in its favor dismissing all Plaintiff's claims with prejudice and awarding it damages, attorney's fees and costs and any other relief to which it is entitled.

Respectfully submitted,

*/s/ Edward F. Harold*
EDWARD F. HAROLD
 La. Bar No. 21672
LARRY J. SOROHAN
 La. Bar No. 26120
**FISHER & PHILLIPS LLP**
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email:  edharold@fisherphillips.com
Email:  lsorohan@fisherphillips.com

**COUNSEL FOR DEFENDANT**