UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL MARKIEWICZ, | CIVIL ACTION NO.: 2:20-CV-00805 |
| Plaintiff, | |
| | DISTRICT JUDGE: JAY C. ZAINEY |
| vs. | |
| GALLOWAY, JOHNSON, TOMPKINS, BURR AND SMITH, APLC | MAGISTRATE: KAREN WELLS ROBY |
| Defendant. | |

**OPPOSITION TO MOTION IN LIMINE**

Plaintiff, April Markiewicz, ("Mrs. Markiewicz") submits her Opposition to the Motion in Limine filed by Defendant, Galloway, Johnson, Tompkins, Burr, and Smith APLC ("Galloway") pursuant to the Scheduling Order.[1]

Galloway wrongfully seeks the exclusion of relevant evidence that supports Plaintiff's gender discrimination claim and her ADA failure to accomodate claim. Evidence of the acts of attorney, John Getty, although not actionable by itself[2], is relevant to prove that Plaintiff's supervisors placed Mrs. Markiewicz with John Getty because of nonconforming gender stererotypes. Further, the exclusion of evidence proving Mrs. Markiewicz's requests for accommodation would be prejudicial to the case as those claims are not time barred under the *continuing violation doctrine.* The requests are also relevant to the ADA harassment claim to the extent that Mrs. Markiewicz asked for accommodations to avoid harassment such as continuous flickering of her workstation lights and banging on her office wall because she was hard of hearing.

---

[1] R. Doc. 37
[2] Exhibit 1-Markiewicz Depo 6/14/2021 122-124;  The parties stipulated at the deposition that the incidents with John Getty were "background" to the actions in the complaint.

1

Second, Galloway seeks to exclude damages for wage after April, 2020 based on Mrs. Markiewicz's decision to leave a *temporary* job in April 2020 because the job would not take COVID precautions. The temporary job was not "substantially equivalent employment" to her job at Galloway and Mrs. Markiewicz acted reasonably and continued to look for work and got work shortly thereafter.

Lastly, Plaintiff does not intend to submit proof that she was diagnosed with "Post Traumatic Stress Disorder" as result of her employment with Galloway but will submit proof of the various medical complaints and conditions supported in the medical records such as anxiety, depression and post traumatic stress which Galloway does not dispute would be relevant should their motion to dismiss the ADA claim be denied.

## STANDARD

Generally, motions *in limine* are disfavored. *See, e.g., United States v. Dish Network, L.L.C.*, No. 09-3073, 2015 U.S. Dist. LEXIS 17055, at *5 (C.D. Ill. Nov. 30, 2015); *United States v. Amor*, No. 14-20750-CR-LENARD/GOODMAN, [*719] 2015 U.S. Dist. LEXIS 144291, at *3, 2015 WL 6438479, at *1 (S.D. Fla. Oct. 23, 2015); *Mahmoud v. Rambosk*, No. 2:13-cv-63-FtM-38DNF, 2014 U.S. Dist. LEXIS 98700, at *3, 2014 WL 3593763, at *1 (M.D. Fla. July 21, 2014); *Mi-Jack Prods. v. Intl. Union of Operating Engrs., Loc. 150*, No. 94 C 6676, 1995 U.S. Dist. LEXIS 16930, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995); *Francois v. Gen. Health Sys.,* 459 F. Supp. 3d 710, 718-19 (M.D. La. 2020).

Instead, "[b]y deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice." *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2005 U.S. Dist. LEXIS 4502, at *3, 2005 WL 289967, at *1 (N.D. Ill. 2005). Such a result aligns with the Rules' broad tenor: "In fairness to the parties and their

ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on *all* potential ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (emphasis added); *cf. Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L.Ed. 2d 443 (1984) (emphasizing how a "court must know the precise nature of ... testimony" in performing the balancing required under Rule 609(a)(1)). *Francois v. Gen. Health Sys.,* 459 F. Supp. 3d 710, 718-19 (M.D. La. 2020).

1. **Evidence of the actions of attorney John Getty**

Galloway seeks to exclude any testimony regarding the actions of attorney John Getty which are relevant to the gender discrimination claim as it relates to why Mrs. Markiewicz was paired with Mr. Getty for various years. Galloway admits that Plaintiff worked with attorney John Getty until July, 2018 in the Mandeville office.[3] Galloway does not address Mrs. Markiewicz's testimony that Doris Bobadilla viewed her as a "loud, outspoken woman" as opposed to to the "little quiet demure ladies in the office" and that this gender stereotype caused Ms. Bobadilla and Ms. Albert to assign Mrs. Markiewicz to John Getty, who had previously threatened to punch Mrs. Markiewicz in the past because she could "tolerate it" unlike the demure ladies.[4] Mrs. Markiewicz complained about the threats to Ms. Bobadilla who then stated "well you must have done something to aggravate him" implying that Mrs. Markiewicz's nonconforming personality somehow caused the threat[5]

Galloway correctly states that Mrs. Markiewicz has not made a claim for the actions of attorney John Getty[6], but as it relates to the gender discrimination claim the incidents are relevant

---

[3] R. Doc. 42-1, pg 3.
[4] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 36:13-36:20; 37:1-38:3. Mr. Getty said to Plaintiff that he never wanted to punch a woman in the face so bad until he met Mrs. Markiewicz. R. Doc. 43-3-Markiewicz Depo 6/14/2021 116:9-116:12
[5] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 36:13-36:20; R. Doc. 43-3-Markiewicz Depo 6/14/2021 117:16-117:23
[6] Exhibit 1-Markiewicz Depo 6/14/2021 122-124; The parties stipulated at the deposition that the incidents with

3

under FRE 401 and 402 because these facts are of consequence and probative to why Mrs. Markiewicz was selected by Ms. Bobadilla and Ms. Albert to work with Getty- i.e. *because of* her noncomforming personality.[7] In fact, Ms. Bobadilla and Ms. Albert came up to Ms. Markiewicz when John Getty left the firm in 2018 and stated that Mrs. Markiewicz, of all people, must be the most excited for his departure.[8]

The seminal case of *Price Waterhouse v. Hopkins* involved the general belief that women should be "meeker" than men. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). That is the traditional gender stereotype at odds in the case at hand, Mrs. Markiewicz's noncomforming to the "demure" stereotype espoused by Galloway which resulted in her reassignment to John Getty despite being threatened to be punched. Thus, evidence of complaints made by Mrs. Markiewicz regarding John Getty to Ms. Bobadilla and Ms. Albert is relevant evidence in support of the gender discrimination claim. The fact that Mrs. Markiewicz is not pursuing a sex harassment claim against Getty does not mean that the evidence is not relevant to the gender discrimination claim alleged against Galloway. Since this evidence is not inadmissible on *all* potential ground, the motion should be denied.

2. **Evidence of Requests for Accommodations Supporting the ADA claims.**

Galloway argues that evidence regarding Mrs. Markiewicz's requests for accommodation should be excluded because they are time barred. As set forth in the Opposition to the Motion for Summary Judgment, Galloway did not "deny" a request for an accommodation with "degree of permanence that should trigger an employee's awareness of and duty to assert her rights." *Hendrix*, 911 F.2d at 1103, *citing Berry v. Board of Supervisors*, 715 F.2d 971 (5th Cir. 1983). Galloway ignored, delayed and/or failed to accommodate the requests. Thus, under the

---

John Getty were "background" to the actions in the complaint.
[7] R. Doc. 43-3-Markiewicz Depo 6/14/2021 115:12-123:13
[8] Exhibit 1-Markiewicz Depo 6/14/2021 123:8-123:13

continuing violation doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period. *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005)(citing *Felton v. Polles*, 315 F.3d 470, 487 (5th Cir. 2002)).

On December 4, 2013, Mrs. Markiewicz presented Ms. Herrington with a doctor's note and verbally requested an accommodation for an ergonomic workstation and further accommodations for lighting due to her cervical issues and migraines.[9] Mrs. Markiewicz also requested to be put in a vacant office instead.[10] Ms. Albert testified on behalf of Galloway that there was *no discussion* of the request by Ms. Herrington with Mrs. Markiewicz when there should have been an interactive process.[11]

Further, when Erica Savoy was hired, Mrs. Markiewicz asked Ms. Herrington to be put in an office so she could control the lighting and set up the desk in a manner that would alleviate her various issues.[12] Candice Herrington said she would talk to Doris Bobadilla about it and nothing ever came about it.[13] Erica Savoy, a legal secretary, was put in the vacant office.[14]

During Mrs. Markiewicz's employment she suffered from migraines triggered by perfumes and scents. Mrs. Markiewicz asked the office manager to talk to the individual who was wearing perfume and the office manager told Mrs. Markiewicz to talk to the individual

---

[9] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 63:3-68:23; R. Doc. 43-25- Markiewicz Bates 486-487;  R. Doc. 43-9-Herrington Depo 21:9-23:8
[10] R.Doc. 43-3-Markiewicz Depo 6/14/2021 167:12-167:18.
[11] R. Doc. 43-8-30b6 Depo Albert 153:13-153:21. Ms. Albert claims all the desks were ergonomic but did not discuss it with Plaintiff. 151:18-151:21;  R.Doc. 43-3-Markiewicz Depo 6/14/2021 166:22-166:25;  R. Doc. 43-4-Markiewicz Depo 2/11/2022 63:11-63:25.
[12]  R. Doc. 43-3-Markiewicz Depo 6/14/2021 168:2-168:23.
[13] Id.
[14] Id.

directly.[15] With respect to the request by Mrs. Markiewicz to ask Holly Justinson to change perfumes that is evidenced by an email[16] but Ms. Herrington does not recall having a conversation with Mrs. Markiewicz about her request.[17]

In 2017-2018 Mrs. Markiewicz asked for a standing desk as well and was told by the office manager that she will look into it.[18]

These actions came to a head on February 15, 2019, when Mrs. Markiewicz presented Tim Hassinger, the managing attorney for the Mandeville office her December 4, 2013 doctor's note and again requested accommodation for an ergonomic workstation and lighting.[19] Tim Hassinger stated in the meeting that Galloway was not concerned with Mrs. Markiewicz migraines.[20] Mrs. Markiewicz also sent an email on February 15, 2019 to Ms. Herrington requesting that Holly Justison, the individual who was wearing perfume, try another scent because she was still wearing it that day and it was affecting her migraines but Ms. Herrington does not recall having a conversation with Mrs. Markiewicz about her request.[21]

Except for Mr. Hassinger's February 15, 2019 statement that Mrs. Markiewicz's requests for accommodations were not Galloway's concern, there is no definitive evidence of any denials or discrete actions by Galloway which had a "degree of permanence that should trigger an employee's awareness of and duty to assert her rights." *Hendrix*, 911 F.2d at 1103, *citing Berry v. Board of Supervisors*, 715 F.2d 971 (5th Cir. 1983). Ms. Herrington never denied the requests for accommodation, she failed to engage in the interactive process, ignored the request or did not provide sufficient accommodations. On the other hand, Tim Hassinger

---

[15] R. Doc. 43-4- Markiewicz Depo 2/11/2022, 74:4-74:25
[16] R. Doc. 43-24
[17] R. Doc. 43-9-Herrington Depo -130:5-133:10
[18] R. Doc. 43-3-Markiewicz Depo 6/14/2021 192:19-194:13
[19] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 69:2-70:3,  R. Doc. 43-25- Markiewicz Bates 486-487
[20] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 40:22-41:2
[21] R. Doc. 43-9-Herrington Depo -130:5-133:10  R. Doc. 43-24-Markiewicz Bates 86-87

effectively denied her request for accommodations due to her migraines and that claim was brought timely because it occurred after January 26, 2019 and is not a re-urging of prior *denied* claim.

These facts are also relevant to the ADA Harassment claim which Galloway does not argue is time barred. Mrs. Markiewicz was continuously seeking to move offices so that the harassment could stop and her disability would be accommodated.[22] Mrs. Markiewicz's requests for accommodations is also evidence of her attempts to oppose the harassment and relevant to the ADA harassment claim as well.

In sum, Mrs, Markiewicz's requests for an accommodation related to her work station lighting from 2013 and re-urged in 2019, her request for a co-worker to refrain from using a particular scent, and her request for an office with a door which she made several times throughout the years are part of the continuing violation doctrine because they are all connected to her disabilities set forth in the doctor's note namely, her migraines and cervical pain and are not time barred.

Further, evidence related to her request for accommodations is material relevant to the claims for ADA harassment. Mrs. Markiewicz was continuously seeking to move offices so that the harassment could stop and her disability would be accommodated.[23] Mrs. Markiewicz found the harassment by her supervising attorney "obnoxious."[24] "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on *all* potential ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (emphasis added); *cf. Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L.Ed. 2d 443 (1984). This evidence is also relevant to the harassment claim, it should not be excluded.

---

[22] R. Doc.43-3-Markiewicz Depo 6/14/2021 178:9-178:25
[23] R. Doc.43-3-Markiewicz Depo 6/14/2021 178:9-178:25
[24] R. Doc.43-3-Markiewicz Depo 6/14/2021 178:9-178:25

### 3. Evidence of Post Traumatic Stress Disorder

Mrs. Markiewicz does not intend to submit evidence that she was **diagnosed** with "Post Traumatic Stress Disorder" as she has not yet been formally diagnosed by a doctor.[25] However, Mrs. Markiewicz does intend to submit evidence of her complaints of anxiety, depression and post traumatic stress as evidenced in the medical records including the assessment of:[26]

> **ASSESSMENT & PLAN**
>
> Other specified trauma- and stressor-related disorder-adjustment-like disorder with prolonged duration of more than 6 months with-out prolonged duration of stressor [F43.8] (unchanged)

Federal Rule of Evidence 803(4) permits the admission of statements made for the purposes of medical diagnoses or treatment. Thus, because Plaintiff will offer her own statements as reflected in the medical documentation but does not intend to offer evidence of a "Post Traumatic Stress Disorder" diagnosis, the motion to exclude this evidence is moot.

### 4. Evidence of Wage Losses After April, 2020

There is abundant evidence that Plaintiff has complied with the duty to mitigate and Mrs. Markiewicz applied for and obtained several jobs since being terminated from Galloway.[27] Galloway misconstrues Plaintiff's discovery response by stating that she "refrained from looking for work" until August, 2020 which is not the case.

From the date of her termination in June, 2019 until Mrs. Markiewicz started working for Talley Anthony in December of 2019, she applied in multiple places, went to interviews and had an Indeed online job profile.[28] Even when she was undergoing carpal tunnel surgery in September, 2019 and December, 2019, Mrs. Markiewicz *still a*pplied for jobs and ultimately was

---

[25] Exhibit 4-Markiewicz Depo 2/11/2022, 93:3-93:22
[26] Exhibit 2- Medical Records Bates Rich Resources Bates 3, 13, 15, and 18.
[27] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 76:20-76:25
[28] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 81:3-81:13, 82:13-82:16

hired at Talley Anthony.[29] Mrs. Markiewicz was let go from Talley Anthony in March, 2020 due to COVID and she continued to look for work.[30]

In her discovery response, Mrs. Markiewicz references a "temp" job in April, 2020 that she left because the firm ws not implementing safety procedures for Coronavirus.[31] Galloway argues that this job was "comparable employment at another law firm" but cites no record evidence to support this statement. As indicated in the discovery response and proven by her income records, this was a temporary job from a temporary agency, not a permanent job like the job she had at Galloway and is therefore not comparable.[32]

It is true that living with her husband who was a high risk person did impact her ability to go out and look for a job so instead of applying physically to places, she applied for work online including directly mailing her resume to employers to minimize her exposure to COVID.[33] In November, 2020 she was employed for a few days.[34] She continued to actively look for work from November 2020 until August, 2021 when she started working for Truitt law firm which she still works at today.[35]

Mrs. Markiewicz has complied with the duty to mitigate and has not stopped looking for work while she was unemployed even while undergoing surgeries. A plaintiff in an employment discrimination case has a duty to mitigate her damages by using *reasonable diligence* to obtain substantially equivalent employment. *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990).

---

[29] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 81:18-82:4
[30] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 82:17-82:425
[31] R. Doc. 42-5-Discovery Responses
[32] Exhibit 3- Wage Information from Express
[33] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 83:15-84:19
[34] R. Doc. 43-4-Markiewicz Depo 2/11/2022, 84:20-84:22
[35] Exhibit 4-Markiewicz Depo 2/11/2022, 84:23-85:3

The reasonableness of a plaintiff's diligence must be evaluated "'in light of the individual characteristics of the claimant and the job market.'" *Id*. (quoting *Michigan Dep't. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)). The temp job was not taking COVID precautions in light of the job market in April, 2020 which was the start of the surge and Plaintiff acted reasonably.[36]

"'Substantially equivalent employment' is that 'employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated.'" *Id*. The temp job was not "substantially equivalent employment" because there was no promotional opportunity or the same status as the position she was terminated from at Galloway.

Because mitigation of damages is an affirmative defense, the employer has the burden to establish that the plaintiff failed to exercise reasonable diligence, and that there were jobs available which the plaintiff could have discovered and for which she was qualified. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972); *see also Miles-Hickman v. David Powers Homes, Inc.*, Civil Action No. H-07-0754, 613 F. Supp. 2d 872, 2009 U.S. Dist. LEXIS 23750, 2009 WL 801765, at *11, 11 n. 22 (S.D. Tex., Mar. 24, 2009). Defendant has failed to produce any evidence, but for a "temp' job to attempt to bar damages which is insufficient under the law. For these reasons, the Motion in Limine to bar wage evidence should be denied.

---

[36] https://www.nytimes.com/interactive/2021/us/louisiana-covid-cases.html?auth=login-google

Dated: July 22, 2022                    Respectfully submitted,


                                          VASQUEZ LAW OFFICE

                                        */s/Jessica Vasquez*
                                        Jessica M. Vasquez (27124)
                                        400 Poydras St. Ste. 900
                                        New Orleans, LA 70130
                                        Telephone: (504) 571-9582
                                        Facsimile: (504) 684-1449
                                        Email: jvasquez@vasquezlawoffice.com
                                        *ATTORNEY FOR APRIL MARKIEWICZ*